**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

DEREK MOTT, JR.,

        Petitioner,    :        Case No. 1:25-cv-00428

    - vs -                           District Judge Matthew W. McFarland
                                   Magistrate Judge Michael R. Merz

WARDEN, Richland
  Correctional Institution,

                            :
      Respondent.

---

## REPORT AND RECOMMENDATIONS

---

This is a habeas corpus action brought *pro se* by Petitioner Derek Mott, Jr., to obtain relief from his conviction in the Warren County Court of Common Pleas on multiple counts of drug trafficking and drug possession and his consequent sentence of fourteen to nineteen and one-half years imprisment. The case is ripe for decision on the Petition (ECF No. 3), the State Court Record (ECF No. 12), and the Return of Writ (ECF No. 13).

In the Order for Answer (ECF No. 4), the Court set a reply deadline of twenty-one days after the State Court Record and Return were filed *Id.* at PageID 63. When those filings had occurred, the Court reminded Petitioner of the reply deadline (ECF No. 14). When Petitioner complained that he had not yet received the State Court Record and Return, the Court ordered that he be served face-to-face (ECF No. 16). Sworn proof of that service has been filed (Declaration of Shamille Chapman, ECF No. 17-1). The Court then *sua sponte* extended the reply deadline to

February 3, 2026 (ECF No. 20).  Nevertheless, as of the filing of this Report, Petitioner has not

filed his reply.

**Litigation History**

On February 7, 2022, a Warren County grand jury indicted Mott on eight felony counts:

> Count 1: trafficking in a fentanyl-related compound;
> Count 2: possession of a fentanyl-related compound;
> Count 3: trafficking in heroin;
> Count 4: possession of heroin;
> Count 5: aggravated trafficking in drugs (MDMB-en-PINACA);
> Count 6: aggravated possession of drugs (MDMB-en-PINACA);
> Count 7: aggravated possession of drugs (methamphetamine); and
> Count 8: possession of cocaine, a felony of the fifth degree.
> Several counts included specifications that Mott was a major drug
> offender.

(Indictment, State Court Record, ECF No. 12, Ex. 1).  A trial jury convicted him on all counts. *Id.*

at Ex. 6.  He was ordered to serve an aggregate sentence of 14 to 19½ years. *Id.* at Ex. 7.

Represented by new counsel, he appealed to the Ohio Court of Appeals for the Twelfth District

which affirmed.  *State v. Mott*, 2023-Ohio-2268 (Ohio App. 12th Dist., Jul. 3, 2023).  The Ohio

Supreme Court declined jurisdiction over a subsequent appeal.  *State v. Mott,* 172 Ohio St.3d 1464,

(Jan. 23, 2024).

Petitioner, now proceeding *pro se*, filed his Petition in this Court on June 18, 2025,[1]

pleading the following grounds for relief:

> **Ground One**: Appellant-Defendant's Conviction was Based on
> Insufficient Evidence As A Matter of Law. The State of Ohio
> Violated the Petitioner United States Constitutional Rights of The 5,
> 6, 8, and 14 Amendment. (sic)

---

[1] This is the date the Petition is postmarked (ECF No. 1).

**Supporting Facts**: The State failed to prove beyond a reasonable doubt that Petitioner knowingly possessed, distributed, trafficked, or sold any drug. All of the counts required the State to prove Beyond a Reasonable doubt the substances Petitioner Possessed or trafficking were drug as defined by O.R.C. 4729.01(E)(3). For example for Count One, the State had to prove beyond a reasonable doubt the drug involved in the violation is a Fentanyl-Related compound or a compound, mixture, preparation, or substance containing Fentanyl-Related Compound or a compound, mixture, preparation, or substance containing Fentanyl-Related Compound, and the amount of the drug's involved equals or exceeds one-thousand-unit doses or equals or exceeds hundred grams O.R.C. 2925.03(c)(9)(H).

**Ground Two**: The Trial Court Erred to Appellant's Prejudice By Giving A Jury Instruction Which Misled the Jury In A Matter Materially Affecting Appellant's Substantial Rights. State of Ohio Violated the Petitioner United States Constitutional Rights Of The 5, 6, 8 and 14 Amendments.

**Supporting Facts**: The State built it's [sic] case around a materially incorrect statement of law regarding Ohio law on proving the weight element of a drug charge. The government, in jury selection, the forensic chemist's testimony, and closing argument, repeatedly informed the jury it must accept the weight of the seized powders and apply that weight to each alleged drug individually. The trial court adopted that incorrect version of the Ohio law and even gave the instructions during the government's "Voir dire", as well as during the jury charge, probably misled the jury in a matter materially affecting the complaining party's substantial rights.

(Petition, ECF No. 3).

# Analysis

**Ground One:  Insufficient Evidence**

In his first ground for relief, Petitioner argues his conviction is not supported by sufficient evidence.

3

An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia,* 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990)(en banc).  In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . .  This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *Smith v. Nagy*, 962 F.3d 192, 205 (6th Cir. 2020) (quoting *Jackson*). This standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.* (quoting *Jackson*, 443 U.S. at 324).  This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991).  Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.*  A sufficiency challenge should be assessed against the elements of the crime, not against the elements set forth in an erroneous jury instruction. *Musacchio v. United States*, 577 U.S. 237 (2016).

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all

> sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). When reviewing a claim for sufficient evidence, a federal habeas court must apply a twice-deferential standard." *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (per curiam). In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008); *accord Davis v. Lafler,* 658 F.3d 525, 531 (6th Cir. 2011)(en banc); *Parker v. Matthews*, 567 U.S. 37, 43 (2012). Notably, "a court may sustain a conviction based upon nothing more than circumstantial evidence." *Stewart v. Wolfenbarger,* 595 F.3d 647, 656 (6th Cir. 2010).

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U. S. 1, ___, 132 S. Ct. 2, 181 L. Ed. 2d 311, 313 (2011) (per curiam). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was

5

'objectively unreasonable.'" *Ibid*. (quoting *Renico v. Lett*, 559 U. S. ___, ___, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. 650, 651, (2012)(per curiam); *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (per curiam).  The federal courts do not make credibility determinations in reviewing sufficiency of the evidence claims.  *Brooks v. Tennessee,* 626 F.3d 878, 887 (6th Cir. 2010).  *Thompson v. Skipper*, 981 F.3d 476 (6th Cir. 2020).  "To evaluate a sufficiency-of-the-evidence claim, we consider 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' *Smith v. Nagy*, 962 F.3d 192, 205 (6th Cir. 2020) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319 (1979)). This standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id*. (quoting *Jackson*, 443 U.S. at 324)."

The state court's application "must be 'objectively unreasonable,' not merely wrong; even 'clear error' will not suffice." *Nagy*, 962 F.3d at 199 (quoting *White v. Woodall,* 572 U.S. 415, 419 (2014)). In other words, "relief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question." *Woodall*, 572 U.S. at 427 (quoting *Harrington v. Richter,* 562 U.S. 86, 103 (2011)).

Together, *Jackson* and AEDPA's two layers of deference dictate that "a federal court's 'review of a state-court conviction for sufficiency of the evidence is very limited.'" *Tackett v. Trierweiler,* 956 F.3d 358, 367 (6th Cir. 2020) (quoting *Thomas v. Stephenson*, 898 F.3d 693, 698 (6th Cir. 2018)).

Petitioner presented his insufficiency of the evidence claim to the Twelfth District Court of Appeals which decided it as follows:

6

¶ 26} APPELLANT-DEFENDANT'S CONVICTION WAS BASED ON INSUFFICIENT EVIDENCE AS A MATTER OF LAW.

{¶ 27} Mott's second assignment of error argues that his convictions for trafficking in drugs and possession of drugs were based upon insufficient evidence. Mott's argument mainly focuses on his claim that "[t]he government failed to prove beyond a reasonable doubt that Appellant-Defendant knowingly possessed distributed, trafficked, or sold any 'drugs.' "

**Sufficient Evidence Standard**

{¶ 28} "Whether the evidence presented at trial is legally sufficient to sustain a verdict is a question of law." *State v. Grinstead*, 194 Ohio App.3d 755, 2011-Ohio-3018, 958 N.E.2d 177, ¶ 10 (12th Dist.). When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Thomin*, 12th Dist. Butler Nos. CA2019-11-188 and CA2019-12-199, 2020-Ohio-4625, 2020 WL 5757537, ¶ 6. The relevant inquiry is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

**Trafficking and Possession of Drugs**

{¶ 29} The jury found Mott guilty of multiple counts of trafficking and possession of drugs in violation of R.C. 2925.03(A)(2) and 2925.11(A). To secure a guilty verdict against Mott for trafficking in drugs, the state was required to prove beyond a reasonable doubt that Mott knowingly prepared for shipment, shipped, transported, delivered, prepared for distribution, or distributed a *controlled substance* * * * when he knew or had reasonable cause to believe that the *controlled substance* * * * was intended for sale or resale by either himself or another person. R.C. 2925.03(A)(2). To secure a guilty verdict against Mott for possession of drugs, the state was required to prove beyond a reasonable doubt that Mott knowingly obtained, possessed, or used a *controlled substance* * * *. R.C. 2925.11(A).

{¶ 30} As noted above, the penalty sections of the drug trafficking and drug possession statutes establish a sentencing scheme where

7

the degree of the offense is determined by the amount of the controlled substance. R.C. 2925.03; R.C. 2925.11; *State v. Taylor,* 113 Ohio St.3d 297, 2007-Ohio-1950, 865 N.E.2d 37, ¶ 14. Therefore, R.C. 2925.03 and 2925.11 prescribes punishments depending on the type of "drug" and the amount of the "drug" being possessed or trafficked.

**Analysis**

{¶ 31} After reviewing the record, we find Mott's convictions are supported by sufficient evidence. The state presented testimony and evidence which the jury could have found all the essential elements of the offense proven beyond a reasonable doubt. Evidence established that Mott possessed multiple controlled substances that were found in his hotel room. Testimony from Todd Yoak identified the substances found as fentanyl, heroin, MDMB-en-PINACA, cocaine, and methamphetamine, and described the respective schedules for those substances. The lab report identifying the substances and their respective weights was admitted into the record.

{¶ 32} The state also produced evidence that Mott was trafficking in those controlled substances. The state presented evidence that Mott possessed instrumentalities of trafficking, such as the blender, a digital scale, suspected cutting agents. Mott himself admitted that the drugs were his and that he was "pushing them." Mott further indicated that the foil packets were "his thing" and that the drugs were "fronted" and would need to be paid for on "the back end."

{¶ 33} On appeal, Mott argues that the state was required to prove that the controlled substances were "drugs" as defined in R.C. 4729.01(E)(3), which states that a drug is "any article, other than food, intended to affect the structure or any function of the body of humans or animals." He suggests the state was required to prove that the drug had a concentration that **\*150** "negates accidental contamination and was prepared with the intent to 'effect the structure or any function' of the human body." Mott further addresses other perceived deficiencies in the record and criticizes the manner in which the state proved its case. For example, Mott emphasizes collateral points of little relevance such as there was no DNA or fingerprint evidence linking him to the seized items and that he "had no cash" and did not "rent" the room.

{¶ 34} However, Mott's arguments are without merit. The state was required to prove that Mott possessed and trafficked "controlled substances," which it did. The determination of whether a specific

8

substance is a controlled substance is a question of law for the court, not a question of fact for the jury. *State v. Rollins*, 3d Dist. Paulding No. 11-05-08, 2006-Ohio-1879, 2006 WL 988510, ¶ 30; *State v. O'Conner*, 12th Dist. Fayette No. CA2007-01-005, 2008-Ohio-2415, 2008 WL 2102356, ¶ 40. In this case, the state presented testimony from the forensic chemist, Yoak, who testified that the substances he tested were positive for heroin, fentanyl, MDMB-en-PINACA, cocaine, and methamphetamine. He further stated that fentanyl, cocaine, and methamphetamine are Schedule II substances and heroin and MDMB-en-PINACA are Schedule I substances. By law, those substances are controlled substances. *O'Conner* at ¶ 40. Furthermore, contrary to Mott's arguments otherwise, the state was not required to demonstrate the purity of the substance or the substance's impact on the function of the human body.

{¶ 35} In addition, the criticism of the manner in which the state presented its case goes more to the weight of the evidence rather than sufficiency. The state was not required to prove that Mott had "drugs, weapons, or other incriminating items" on his person. Nor was the state required to present DNA or fingerprint evidence.[5] See *State v. Penwell*, 12th Dist. Warren No. CA2022-05-026, 2023-Ohio-120, 2023 WL 195788, ¶ 24 (stating that while certain evidence may be *probative*, it is not *necessary* in the prosecution of an offense). In this case, the state presented overwhelming evidence of Mott's guilt. Mott himself admitted to possessing and trafficking in the controlled substances that were found in his hotel room. It was Mott who told the authorities where exactly the drugs would be found and that he was "pushing" them. The identity and amount of those substances were then confirmed through laboratory testing. The state presented more than sufficient evidence to support Mott's convictions. Accordingly, Mott's second assignment of error is overruled.

*State v. Mott, supra*.

Petitioner has presented no argument as to why this decision of the Twelfth District – the last state court decision on the merits – is an objectively unreasonable application of *Jackson v. Virginia*. A qualified forensic scientist testified to the identity of the substances. Whether those substances as identified are "controlled substances" under Ohio law is a question of law, not fact, as the Twelfth District held.

To the extent Petitioner's argument is that the State was required to go behind that

9

classification and prove that these substances were in fact drugs within the meaning of "drug" in Ohio law, he asks that the jury replace the Ohio General Assembly in its role in determining what substances should be controlled.  But the United States Constitution does not require that result. Petitioner's first Ground for Relief is without merit.

**Ground Two:  Error on Jury Instruction**

In his Second Ground for Relief, Petitioner claims the trial court misled the jury by giving a materially incorrect instruction on determining the weight of the controlled substances possessed by Petitioner.  Respondent asserts this claim is procedurally defaulted because Petitioner made no contemporaneous objection at trial.

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>               . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).

10

> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

Ohio has a relevant procedural rule: if an appellant could have made an objection to a ruling at trial but failed to do so, the appellant has waived appellate review of the challenge. *State v. Murphy*, 91 Ohio St. 3d 516, 2001 Ohio 112, 747 N.E.2d 765, 788 (Ohio 2001). Here the Twelfth District reviewed this claim for plain error. *State v. Mott, supra,* at ¶¶ 16-17. An Ohio state appellate court's review for plain error is enforcement, not waiver, of a procedural default. *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012); *Jells v. Mitchell,* 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Hinkle v. Randle*, 271 F.3d 239 (6th Cir. 2001). States have a very strong interest in the contemporaneous objection rule. *Scott v. Mitchell,* 209 F.3d 854 (6th Cir. 2000), quoting extensively from *Wainwright v. Sykes*, 433 U.S. 72, 88-90 (1977). Ohio's contemporaneous objection rule is an adequate and independent state ground. *Hinkle v. Randle,* 271 F.3d 239, 244 (6th Cir. 2001);*Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), *citing Engle v. Isaac,* 456 U.S. 107, 124-29 (1982). Finally, Petitioner has offered no excusing cause and prejudice and no new evidence of actual innocence to excuse this default.

11

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

February 11, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.