# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

DEREK MOTT, JR.,

        Petitioner,          :   Case No. l:25-cv-00428

  - vs -                  District Judge Matthew W. McFarland
                           Magistrate Judge Michael R. Merz

WARDEN,
 Mansfield Correctional Institution,

                           :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Derek Mott, Jr. under 28 U.S.C. § 2254, is before the Court on Petitioner's Objections (ECF No. 26) to the Magistrate Judge's Report and Recommendations recommending dismissal (ECF No. 22).  District Judge McFarland has recommitted the case for reconsideration in light of the Objections (Order, ECF No. 27).

Petitioner plead two Grounds for Relief

> **Ground One**: Appellant-Defendant's Conviction was Based on Insufficient Evidence As A Matter of Law. The State of Ohio Violated the Petitioner United States Constitutional Rights of The 5, 6, 8, and 14 Amendment. (sic)
>
> **Supporting Facts**: The State failed to prove beyond a reasonable doubt that Petitioner knowingly possessed, distributed, trafficked, or sold any drug. All of the counts required the State to prove Beyond

1

a Reasonable doubt the substances Petitioner Possessed or trafficking were drug as defined by O.R.C. 4729.01(E)(3). For example for Count One, the State had to prove beyond a reasonable doubt the drug involved in the violation is a Fentanyl-Related compound or a compound, mixture, preparation, or substance containing Fentanyl-Related Compound or a compound, mixture, preparation, or substance containing Fentanyl-Related Compound, and the amount of the drug's involved equals or exceeds one thousand-unit doses or equals or exceeds hundred grams O.R.C. 2925.03(c)(9)(H).

**Ground Two**: The Trial Court Erred to Appellant's Prejudice By Giving A Jury Instruction Which Misled the Jury In A Matter Materially Affecting Appellant's Substantial Rights. State of Ohio Violated the Petitioner United States Constitutional Rights Of The 5, 6, 8 and 14 Amendments.

**Supporting Facts**: The State built it's [sic] case around a materially incorrect statement of law regarding Ohio law on proving the weight element of a drug charge. The government, in jury selection, the forensic chemist's testimony, and closing argument, repeatedly informed the jury it must accept the weight of the seized powders and apply that weight to each alleged drug individually. The trial court adopted that incorrect version of the Ohio law and even gave the instructions during the government's "Voir dire", as well as during the jury charge, probably misled the jury in a matter materially affecting the complaining party's substantial rights.

(Petition, ECF No. 3).

In the original Report, the Magistrate Judge found Ground One had been decided on direct appeal by the Ohio Court of Appeals for the Twelfth District and Petitioner had offered no argument as to why that decisions was not entitled to deference under 28 U.S.C. § 2254(d)(1) and (d)(2)(Report, ECF No. 22, PageID 653).  Likewise the original Report recommended deference to the Twelfth District's procedural default decision as to Ground Two that there had been no contemporaneous objection to the supposedly erroneous jury instruction. *Id.* at PageID 655.

Petitioner's Objections are thirty-nine pages long.  From PageID 677 to PageID 691 Mott has merely copied verbatim from his Memorandum in Support of Jurisdiction in the Supreme

2

Court of Ohio (Compare State Court Record, ECF No. 12, Ex. 18).  Nothing in this section of the Objections speaks directly to the original Report or explains why the Report is wrong in its conclusions that deference is owed to the Twelfth District.  A petitioner who fails to make specific objections to a magistrate judge's report forfeits his right to appeal the aspects of the report to which he did not object. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  This portion of the Objections does not discuss anything in the Report.

After signing the Objections on PageID 693, Mott gives a page of handwritten objections which reiterate the claims made to the Twelfth District and do nothing to rebut the procedural default finding.  Then having repeated the kite procedure passages at intervals throughout the rest of the document, Petitioner proceeds with a list of supposed constitutional errors which have not been argued before in the case.

Petitioner has not objected to specific recommendations made in the Report, but has instead made very generalized allegations about corruption in the trial court, prosecutorial misconduct, etc.  None of these "shotgun" arguments persuades the Magistrate Judge that his original recommendations were erroneous.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge again respectfully recommends the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not

be permitted to proceed *in forma pauperis*.

June 3, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.